IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>OSCAR KENNEDY,<br><br>    Defendant. | Case No. 20-20045-JAR-01 |

## MEMORANDUM AND ORDER

In July 2021, Defendant Oscar Kennedy entered a plea of guilty to distribution of marijuana pursuant to a binding plea agreement under Fed. R. Civ. P. 11(c)(1)(C).[1] The parties recommended a sentence of 48 to 60 months' imprisonment followed by two years of supervised release. In exchange, the government dismissed the 18 U.S.C. § 924(c) firearm charge in Count 2, which would have subjected Defendant to a mandatory consecutive term of five years. Defendant was sentenced to 48 months' imprisonment.[2] Defendant's presentence investigation report ("PSIR") contained a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during the offense.[3]

In April 2022, Defendant sent a letter to the undersigned asking the Court to revise the PSIR to remove the firearm enhancement so that he might receive the full benefits of the Residential Drug Abuse Treatment Program ("RDAP").[4] Per the Court's instructions, the letter

---

[1] Doc. 30.

[2] Doc. 39.

[3] Doc. 36 ¶ 17.

[4] Doc. 45.

was construed and docketed as a motion to revise the PSIR (Doc. 45). As explained below, the motion is dismissed for lack of jurisdiction.

For anything other than a "clerical error" within the meaning of Fed. R. Crim. P. 36, challenges to or requests to amend a PSIR more than fourteen days after imposition of the sentence must be based on statutes or rules giving the district court jurisdiction to consider the challenge.[5] Because Defendant has not identified any basis for the Court's authority to make a substantive modification to the PSIR, his motion is dismissed for lack of jurisdiction. While the Court commends Defendant on his rehabilitative efforts and positive progress, it is simply without authority to grant him the relief he seeks.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Oscar Kennedy's Motion to Revise PSIR (Doc. 45) is **dismissed** for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: June 13, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[5] *See United States v. Frykes*, 733 F. App'x 950, 952 (10th Cir. 2018) (citing *United States v. Warner*, 23 F.3d 287 (10th Cir. 1994)) (holding district court lacked jurisdiction under Fed. R. Crim. P. 32 to resolve on the merits a post-sentencing motion to amend the PSR); *United States v. Arney*, No. 12-20003-07-JWL, 2022 WL 1566118, at *1 (D. Kan. May 18, 2022) (same).