IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>OSCAR KENNEDY,<br><br>   Defendant. | Case No. 20-20045-JAR-01 |

## MEMORANDUM AND ORDER

On June 13, 2022, this Court dismissed for lack of jurisdiction Defendant Oscar Kennedy's pro se Motion to Revise Presentence Investigation Report ("PSIR").[1] This matter is now before the Court on Defendant's Motion to Reconsider that ruling (Doc. 47). For the reasons explained below, Defendant's motion is denied.

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders, which must be filed "within 14 days after the order is filed unless the court extends the time." A party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2] While a motion to reconsider is available where the court has "misapprehended the facts, a party's position, or the controlling law," such a motion does not permit a party to "revisit issues already addressed or to advance arguments that could have been raised in prior briefing."[3] "The Tenth Circuit has observed that 'a motion for reconsideration is an extreme remedy to be

---

[1] Doc. 46.

[2] D. Kan. R. 7.3(b).

[3] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Fed. R. Civ. P. 59(b))).

granted in rare circumstances.'"[4]  "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[5]  Whether to grant a motion for reconsideration is left to the court's discretion.[6]

As previously discussed in the July 13 order, in July 2021, Defendant entered a plea of guilty to distribution of marijuana pursuant to a binding plea agreement under Fed. R. Civ. P. 11(c)(1)(C).[7]  The parties recommended a sentence of 48 to 60 months' imprisonment followed by two years of supervised release.  In exchange, the government dismissed the 18 U.S.C. § 924(c) firearm charge in Count 2, which would have subjected Defendant to a mandatory consecutive term of five years.  Defendant was sentenced to 48 months' imprisonment.[8]  Defendant's presentence investigation report ("PSIR") contained a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during the offense.[9]

Defendant moved the Court to amend the PSIR to remove the firearm enhancement so that he might receive the full benefits of the Residential Drug Abuse Treatment Program ("RDAP").[10]  The Court dismissed Defendant's motion for lack of jurisdiction, explaining that for anything other than a "clerical error" within the meaning of Fed. R. Crim. P. 36, challenges to or requests to amend a PSIR more than fourteen days after imposition of the sentence must be

---

[4] *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2011 WL 1466490, at *4 (D. Kan. Apr. 18, 2011) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)).

[5] *Id.* (citing *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)); *see also Turner v. Nat'l Council of State Bds. of Nursing*, No. 11-2059-KHV, 2013 WL 139750, at *2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[6] *Coffeyville*, 748 F. Supp. 2d at 1264 (citing *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

[7] Doc. 30.

[8] Doc. 39.

[9] Doc. 36 ¶ 17.

[10] Doc. 45.

based on statutes or rules giving the district court jurisdiction to consider the challenge.[11] Because Defendant did not identify any basis for the Court's authority to make a substantive modification to the PSIR, the Court dismissed his motion for lack of jurisdiction.

Defendant moves the Court to reconsider its ruling finding that it lacked jurisdiction to amend the PSIR. He argues that because the BOP accepted the Court's recommendation at sentencing that Defendant attend RDAP, the BOP should not be permitted to deny him the earned time off incentive as a reward for successful completion of that program, and requests the Court to order the BOP to make an exception for the enhancement in his case. Defendant's argument is misplaced.

Defendant brings his motion as part of this closed criminal action and thus bears the burden to establish that this Court has jurisdiction to hear the motion.[12] In his latest motion, he clarifies that he seeks reconsideration of the Court's July 13 ruling in order to challenge the BOP's decision to exclude him from RDAP's early release incentive. Defendant's challenge, however, attacks the execution of his sentence and must be brought as a federal habeas corpus action under 28 U.S.C. § 2241.[13] The BOP has plenary control over a defendant's place of imprisonment and treatment programs in which he may participate.[14] Defendant continues to fail

---

[11] *See United States v. Frykes*, 733 F. App'x 950, 952 (10th Cir. 2018) (citing *United States v. Warner*, 23 F.3d 287 (10th Cir. 1994)) (holding district court lacked jurisdiction under Fed. R. Crim. P. 32 to resolve on the merits a post-sentencing motion to amend the PSIR); *United States v. Arney*, No. 12-20003-07-JWL, 2022 WL 1566118, at *1 (D. Kan. May 18, 2022) (same).

[12] *See United States v. Moreno*, No. 21-6096, 2022 WL 782660, at *1 (10th Cir. Mar. 15, 2022); *see also United States v. Garcia-Herrera*, 894 F.3d 1219, 1220–21 (10th Cir. 2018).

[13] *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (explaining § 2241 petition attacks execution of sentence by challenging matters that occur at prison, such as deprivation of good-time credits, that affect the duration of an inmate's custody); *see also Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) (stating challenge to execution of sentence should be brought under § 2241).

[14] *Tapia v. United States*, 564 U.S. 319, 331 (2011).

to establish that this Court has jurisdiction to consider his claim as part of this closed criminal case.[15]  The Court therefore denies Defendant's motion to reconsider.[16]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Oscar Kennedy's Motion to Reconsider (Doc. 47) is **denied**.

**IT IS SO ORDERED.**

Dated: August 30, 2022

                                                 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[15] *Moreno*, 2022 WL 782660, at *1 (explaining court cannot assert civil jurisdiction over a motion filed in closed criminal case).

[16] Even if Defendant had filed a separate action, he has not shown that the District of Kansas is the appropriate venue.  Defendant is confined in Yankton, South Dakota.  A petition brought under 28 U.S.C. § 2241 "must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).